UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X

BRUCE WALTON,

                  Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
PATRICK AGUGLIARO shield # 5789, POLICE
OFFICER STEPHEN PERRETTA shield # 26248,
POLICE OFFICER CHET WAKIE shield # 1936,
POLICE OFFICER RICHARD LAZAR shield # 0920,
NEW YORK CITY POLICE OFFICERS JANE/JOHN
DOE #'s 1-10

                  Defendant,
————————————————————X

CASE NO: 08 CV 3534

COMPLAINT

PLAINTIFF DEMANDS TRIAL BY JURY



    PLAINTIFF BRUCE WALTON, by his attorney DAVID A. ZELMAN, Esq., for his

COMPLAINT, alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which BRUCE WALTON (hereinafter

"WALTON") seeks damages to redress the deprivation, under color of state law,

of rights secured to him under the Fourth, Fifth and Fourteenth Amendments of

the United States Constitution. On or about July 20, 2007 at approximately 7:50

PM, WALTON was arrested with excessive force by Defendants including, but

not limited to, POLICE OFFICER PATRICK AGUGLIARO, POLICE OFFICER

1

STEPHEN PERRETTA, POLICE OFFICER CHET WAKIE, POLICE OFFICER RICHARD LAZAR, NEW YORK CITY POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-10 (hereinafter "OFFICER DEFENDANTS"). During and following the arrest and detention, excessive force was used. As a result of the incident, WALTON suffered loss of enjoyment of life, physical injury, mental anguish, shame, humiliation, indignity, and damage to reputation, economic damages, among other damages. Plaintiff appends state and federal law claims.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the Untied States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. WALTON resides at 115-36 159th Street, Jamaica, NY 11434.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER PATRICK AGUGLIARO (hereinafter "AGUGLIARO") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

6. Defendant POLICE OFFICER STEPHEN PERRETTA (hereinafter "PERRETTA") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

7. Defendant POLICE OFFICER CHET WAKIE (hereinafter "WAKIE") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

8. Defendant POLICE OFFICER RICHARD LAZAR (hereinafter "LAZAR") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

9. Defendants POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-7 (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. At all relevant times hereto, DOE(S) were acting under the color of state and local law. Defendants DOE(S) are sued in their individual and official capacities.

## IV. FACTS

10. On or about July 20, 2007 at approximately 7:50 P.M., WALTON was in the Kentucky Fried Chicken Restaurant at the SE intersection of 195 Street and Jamaica Avenue, County of Queens, New York.

11. WALTON attempted to purchase a meal with his Bank of America debit card.

12. When WALTON asked if his food was ready, a Kentucky Fried Chicken employee replied "you're not getting any food" and accused him of using a stolen card.

13. A dispute escalated between employees of Kentucky Fried Chicken and WALTON.

14. OFFICER DEFENDANTS entered the restaurant and yelled that WALTON should put his hands into the air. WALTON complied and was brought outside by the officers.

15. Outside, OFFICER DEFENDANTS threw WALTON at a parked vehicle and kneed him before taking him to the 103rd precinct.

16. WALTON spent the night in a cell at the precinct and asked numerous times for the right to make a phone call. On the morning of July 21, 2008, an officer became upset by WALTON's persistent requests and yelled "you're f-ing Dead."

17. Approximately ten minutes later, approximately six OFFICER DEFENDANTS pulled WALTON from his cell and threw him to the ground. OFFICER DEFENDANTS called WALTON a "black monkey" and other racial slurs, used stun guns on him four to five times, and punched and kicked him. OFFICER DEFENDANTS then bound WALTON's hands and feet and left him face down on the floor.

18. Shortly thereafter, WALTON was taken to Queens Hospital Center by ambulance. As a result of the assault, WALTON sustained numerous physical injuries including fractures of the bilateral nasal bones, a deviated nasal septum, the loss

of a tooth, and multiple contusions and lacerations. In addition to physical injuries, WALTON lost two sets of partials and other valuable items.

19. WALTON was released on $3,500 bail on the afternoon of July 21, 2007. He returned to court approximately three times before being found guilty of Disorderly Conduct § 240.20.

20. That heretofore and on the 14th day of December, 2007, WALTON's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of WALTON, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

21. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

22. Paragraphs 1 through 21 are hereby realleged and incorporated by reference herein.

23. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

24. That Defendants had no legal cause or reason to use excessive force in

effectuating WALTON arrest.

25. That Defendants violated WALTON Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

26. That at the time of the arrest, WALTON did not pose a threat to the safety of the arresting officers.

27. That WALTON was not actively resisting arrest or attempting to evade arrest.

28. That defendant CITY, through its officers, agents, and employees, unlawfully subjected WALTON to excessive force while effectuating his arrest.

29. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

30. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of WALTON rights, subjected WALTON to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

31. That upon information and belief, in 2007, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

32. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

33. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be

        properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

34. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of WALTON rights alleged herein.

35. By reason of the foregoing, WALTON suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### VI. SECOND CAUSE OF ACTION
#### Pursuant to State Law (EXCESSIVE FORCE)

36. Paragraphs 1 through 35 are hereby realleged and incorporated by reference herein.

37. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

38. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

39. That Defendants had no legal cause or reason to use excessive force in effectuating WALTON arrest.

40. That at the time of the arrest, WALTON did not pose a threat to the safety of the arresting officers.

41. That WALTON was not actively resisting arrest or attempting to evade arrest.

42. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

43. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of WALTON rights, subjected WALTON to excessive force while effectuating his arrest, in violation of the laws of the State of New York.

44. By reason of the foregoing, WALTON suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
**Pursuant to State Law (ASSAULT and BATTERY)**

45. Paragraphs 1 through 44 are hereby realleged and incorporated by reference herein.

46. That Defendants intended to cause harmful bodily contact to WALTON.

47. That defendant Defendants, in a hostile manner voluntarily caused WALTON'S injuries.

48. That Defendants contact with WALTON constituted a battery in violation of the laws of the State of New York.

49. That by reason of the foregoing, WALTON suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be

permanent.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

50.  Paragraphs 1 through 49 are hereby realleged and incorporated by reference herein.

51.  That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

52.  That at all times Defendants were acting within the scope of their employment.

53.  That Defendant CITY was able to exercise control over Defendants activities.

54.  That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior.

55.  By reason of the foregoing, WALTON suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, WALTON has suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, WALTON respectfully requests that judgment be entered:

1.  Awarding WALTON compensatory damages in a full and fair sum to be

        determined by a jury;

2.    Awarding WALTON punitive damages in an amount to be determined by a jury;

3.    Awarding WALTON interest from July 20, 2007; and

4.    Awarding WALTON reasonable attorney's fees pursuant to 42 USC §1988; and

5.    Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
        April 10, 2008

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
BRUCE WALTON,

                Plaintiff,

    -against-                            PLAINTIFF
                                                                                    DEMANDS
                                                                                   TRIAL BY JURY

THE CITY OF NEW YORK, POLICE OFFICER
PATRICK AGUGLIARO shield # 5789, POLICE
OFFICER STEPHEN PERRETTA shield # 26248,
POLICE OFFICER CHET WAKIE shield # 1936,
POLICE OFFICER RICHARD LAZAR shield # 0920,
NEW YORK CITY POLICE OFFICERS JANE/JOHN
DOE #'s 1-10

                Defendant,
_____X

_____

## COMPLAINT

_____

DAVID A. ZELMAN (DZ8578)
ATTORNEY FOR PLAINTIFF
612 Eastern Parkway
Brooklyn, NY 11225
(718) 604-3072