```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 0 2 2008
```



THE CITY OF NEW YORK

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

MORGAN D. KUNZ
*Assistant Corporation Counsel*
Phone: (212) 788-0422
Fax: (212) 788-9776
mkunz@law.nyc.gov

May 1, 2008

**BY ELECTRONIC MAIL**
Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street, Room 735
New York, NY 10007

**MEMO ENDORSED**

Re: Bruce Walton v. City of New York, et. al.,
08 Civ. 3534 (PAC)

SO ORDERED: MAY 0 2 2008

*/s/ Paul A. Crotty*

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

Your Honor:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York in the above referenced action. <u>Defendant respectfully requests that its time to respond to the complaint in this action be extended for sixty days from May 5, 2008, until July 7, 2008.</u>[1] Plaintiff's counsel does not consent to this request; as excessive force is the only issue, plaintiff's counsel does not consent to this request because he does not believe that a sixty day extension is necessary.

    Plaintiff alleges that he was subjected to excessive force by New York City Police officers following his arrest on July 20, 2007. Specifically, plaintiff claims that the officers who

---

[1] There is no indication whether the individually named defendants, Patrick Agugliaro, Stephen Perretta, Chet Wakie, or Richard Lazarm, have been served with a copy of the summons and complaint. As of this date, no request for representation has been received with respect to these defendants, nor does the docket sheet reflect service on these individuals. Without appearing or making any representations on their behalf, it is respectfully requested that, if they have been served, the same extension be granted to them in order to ensure that their defenses are not jeopardized while representation issues are being decided.

effected his arrest threw him at a parked vehicle and kneed him before bringing him to 103rd precinct. Plaintiff further claims that on the morning of July 21, 2007, while at the 103rd precinct, he was further subjected to excessive force by officers who threw him to the ground, punched and kicked him, and used stun guns on him. Plaintiff alleges that as a result of these incidents he sustained injuries to his nose, a missing tooth, as well as multiple contusions and lacerations. Additionally, plaintiff claims that he was found guilty of Disorderly Conduct as a result of the underlying arrest.

      There are several reasons for seeking an enlargement of time in this matter. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiff alleges excessive force. Accordingly, it is necessary for our office to obtain plaintiff's medical records from the period in question in order to properly assess the case and respond to the complaint. This office sent to plaintiff's counsel a medical release for execution on April 23, 2008. This executed release is necessary for our office to obtain the medical records pertaining to plaintiff's alleged injuries and treatment. Additionally, plaintiff claims that he was found guilty of Disorderly Conduct, N.Y.P.L. §240.20 as a result of the allegations contained in the complaint. Pursuant to N.Y. C.P.L. § 160.55, all records associated with plaintiff's arrest, detention, and prosecution will be sealed. Accordingly, on April 23, 2008, this office forwarded to plaintiff for execution a release pursuant to § 160.55. This release is necessary for our office to obtain the Criminal Court, district attorney, and police records associated with this incident. Therefore, an extension of time will allow this office time to gather the relevant documents and satisfy our obligations under Rule 11 in advance of responding to the complaint.

      Further, assuming plaintiff effects timely service on defendants Patrick Agugliaro, Stephen Perretta, Chet Wakie, and Richard Lazarm, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we can represent these individuals. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

      No previous request for an extension has been made in this action. Accordingly, we respectfully request that defendant's time to respond to the complaint be extended from May 5, 2008, until July 7, 2008.

      I thank the Court for its time and consideration of this request.

Respectfully submitted,

Morgan D. Kunz
Assistant Corporation Counsel
Special Federal Litigation

cc:    David A. Zelman, Attorney for Plaintiff (By Fax)