UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BRUCE WALTON,

                                 Plaintiff,

         -against-

THE CITY OF NEW YORK, POLICE OFFICER
PATRICK AGUGLIARO shield # 5789, POLICE
OFFICERS STEPHEN PERRETTA shield # 26248,
POLICE OFFICER CHET WAKIE shield # 1936,
POLICE OFFICER RICHARD LAZAR shield # 0920,
NEW YORK CITY POLICE OFFICERS JANE/JOHN
DOE #'s 1-10,

                                 Defendants.

------------------------------------------------------------------------ x

**ANSWER**

08 CV 3534 (PAC)(HBP)

JURY TRIAL DEMANDED

        Defendants City of New York, Patrick Agugliaro, Stephen Perretta, Chet Wakie, and Richard Lazar, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein and that plaintiff was arrested on July 20, 2007 by members of the New York City Police Department.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York is a municipal corporation duly organized and operating under

the laws of the States of New York, that the City of New York maintains a police department, and that Patrick Agugliaro, Stephen Perretta, Chet Wakie, and Richard Lazar are employed by the City of New York as police officers.

       5.      Deny the allegations set forth in paragraph "5" of the complaint, except admit that Patrick Agugliaro is employed by the City of New York as a police officer, and state that the allegations that defendant Agugliaro "acted in that capacity as agent, servant and/or employee of Defendant CITY and within the scope of his employment" are conclusions of law, rather than averments of fact, and accordingly no response is required.

       6.      Deny the allegations set forth in paragraph "6" of the complaint, except admit that Stephen Perretta is employed by the City of New York as a police officer, and state that the allegation that defendant Perretta "acted in that capacity as agent, servant and/or employee of Defendant CITY and within the scope of his employment" are conclusions of law, rather than averments of fact, and accordingly no response is required.

       7.      Deny the allegations set forth in paragraph "7" of the complaint, except admit that Chet Wakie is employed by the City of New York as a police officer, and state that the allegation that defendant Wakie "acted in that capacity as agent, servant and/or employee of Defendant CITY and within the scope of his employment" are conclusions of law, rather than averments of fact, and accordingly no response is required.

       8.      Deny the allegations set forth in paragraph "8" of the complaint, except admit that Richard Lazar is employed by the City of New York as a police officer, and state that the allegation that defendant Lazar "acted in that capacity as agent, servant and/or employee of Defendant CITY and within the scope of his employment" are conclusions of law, rather than averments of fact, and accordingly no response is required.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff purports to proceed as stated therein.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff spent the night of July 20, 2007 in a cell in the 103rd precinct, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning any statements made by plaintiff and any statements made by unidentified police officers.

17. Deny the allegations set forth in paragraph "17" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the use of a stun gun.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that on the morning of July 21, 2007 plaintiff was taken by ambulance from the 103rd Precinct to Queens Hospital Center.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office of the City of New York on or about December 18, 2007, and respectfully refers the Court to the document referenced therein for a statement of it's contents.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that more than thirty days have elapsed since the Comptroller received the purported Notice of Claim, and that the claim has not been settled or adjusted.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege paragraphs "1" through "21" of this answer as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the complaint, including the presumption that excessive force was used.

24. Deny the allegations set forth in paragraph "24" of the complaint, including the presumption that excessive force was used.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege paragraphs "1" through "35" of this answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint, including the presumption that excessive force was used.

39. Deny the allegations set forth in paragraph "39" of the complaint, including the presumption that excessive force was used.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendants repeat and reallege paragraphs "1" through "44" of this answer as if fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and reallege paragraphs "1" through "49" of this answer as if fully set forth herein.

51. Paragraph "51" of the complaint contains conclusions of law, rather than averments of fact, and accordingly no response is required.

52. Paragraph "52" of the complaint contains conclusions of law, rather than averments of fact, and accordingly no response is required.

53. Paragraph "53" of the complaint contains conclusions of law, rather than averments of fact, and accordingly no response is required.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

56. The complaint fails to states a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

57. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

58. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

59. Plaintiff's state law claims are barred for failure to comply with conditions precedent to suit, pursuant to New York General Municipal Law §§ 50-e and 50-i.

### **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

60. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

### **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

61. The plaintiff cannot obtain punitive damages as against the City of New York.

### **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

62. There was probable cause for plaintiff's arrest, detention and prosecution.

### **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

63. Defendants Agugliaro, Perretta, Wakie, and Lazar have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

### **AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

64. Plaintiff provoked any incidents.

### **AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

65. Some of plaintiff's claims may be barred by the doctrine of collateral estoppel or *res judicata*.

**WHEREFORE,** defendants requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          July 7, 2008

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                  City of New York
                                Attorney for Defendants City of New York,
                                      Agugliaro, Lazar, Perretta, and Wakie
                                100 Church Street, Room 3-195
                                New York, New York 10007
                                (212) 788-0422

                        By:    /s/
                                Morgan D. Kunz
                                Assistant Corporation Counsel
                                Special Federal Litigation Division

TO:    David A. Zelman, Esq.
       Attorney for Plaintiff
       Law Office of David A. Zelman
       612 Eastern Parkway
       Brooklyn, NY 11225 (Via E.C.F. and First Class Mail)

Index No.  08 CV 3534 (PAC)(HBP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRUCE WALTON,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER PATRICK AGUGLIARO shield # 5789, POLICE OFFICERS STEPHEN PERRETTA shield # 26248, POLICE OFFICER CHET WAKIE shield # 1936, POLICE OFFICER RICHARD LAZAR shield # 0920, NEW YORK CITY POLICE OFFICERS JANE/JOHN DOE #'s 1-10,

                              Defendants.

**ANSWER ON BEHALF OF DEFENDANTS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*Agugliaro, Lazar, Perretta, and Wakie*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Morgan D. Kunz*
*Tel:  (212) 788-0422*
*NYCLIS No. 2008-015214*

*Due and timely service is hereby admitted.*

*New York, N.Y........................................................................................, 200...*

*...................................................................................................... Esq.*

*Attorney for.............................................................................................*